of Defense of the State of Kuwait v. Naffa. Mr. Bamberger, whenever you're ready, we'll hear from you. Good morning, Your Honours, and may it please the Court, my name is Noel Bamberger from Cleary, Gottlieb, Steen and Hamilton and I represent the Ministry of Defence of the State of Kuwait. Your Honours, as you know, 28 U.S.C. 1332 provides a federal forum, federal subject matter jurisdiction for state law claims that would otherwise need to be brought in state court when certain requirements are met, that is diversity of citizenship and a minimum $75,000 amount in controversy. When a federal court finds that those jurisdictional prerequisites are not satisfied, the proper approach, the proper remedy is for the court to dismiss the claims without prejudice to them being a state court. The court in this instance erred in three respects. First, it conducted a jurisdictional analysis in response to a motion under Rule 12b1 of the Rules of Civil Procedure. Does the other side contest that that was an error on the district court's part that dismissing for lack of jurisdiction should have been without prejudice? Substantively, I don't think they do, Your Honour. I think if you read their brief, the first heading in their brief is that the court had jurisdiction to reach the merits of the claims. And so I think that you're right if you want to sort of pass through the first level of our argument that there was an error committed here and that the parties before you are in common ground in that regard and are asking this court to correct the error. Obviously, the corrections that we suggest vary significantly. Our position... And the district court's decision here was based on 12b1, not 12b6. The court was explicit about that, that there was a 12b1 motion and a 12b6 motion pending before it and it need not reach the 12b6 motion because it was ruling on 12b1. So if we agree with you that the 12b1 ruling was incorrect, wouldn't we just send it back for the district court to look at 12b6 in the first instance? I think that is a proper remedy in this case, Your Honour, that the court could send the case back, vacate the decision, send it back to the district court, finding that the court had jurisdiction and that it should consider the Rule 12b6 motion. My adversaries will ask the court to instead affirm the decision on Rule 12b6 grounds. And what they'll tell Your Honour is that the court in fact reached questions that bear on the 12b6 analysis. That's an interesting proposition because if the district court was correct and it thought it was correct, it didn't have the power to do anything further. So even if it said something about 12b6 under its own comment, it wouldn't have the power to do that. Now, if we were to conclude the district court erred with respect to its power, what does that do with respect to its comments on the 12b6 issue? It is an interesting question, Your Honour. So I think, first of all, the law is very clear that if the court found that it didn't have jurisdiction and it didn't have jurisdiction, it should have simply dismissed the case without problem. Oh, there's no question about it. It doesn't have power to do it anymore. But the question is if it said I do not have power and erred in saying that. Correct. So the question in that case is what happens on remand if you send the case back down? And my colleagues are essentially making an efficiency argument, which is we already know what the court's going to do on remand because it's already made comments. The actual holdings that it's made at this point don't have legal effect because, as Your Honour said, the court lacked the power to enter them. Well, the court did allow for that line of DC cases where if you would have to be returned. But it sort of bypassed that, I'm not sure. And maybe those would be questions of fact that the court would look into more closely and decide whether a trial was needed or not. Yeah, I think that's right, Your Honour. There are essentially three holdings, I think, that the court made once it went beyond the proper jurisdictional analysis. One is, I think, fairly read the decision addresses the question of whether there was a contractual breach. And that decision, I think my colleagues have to prevail on at this court. They have to convince you that that analysis was correct in order for the court to even have the ability to affirm on Rule 12B6 grounds because that is the only argument that would fully dismiss of the claims below. The court also addressed two flavors of a damages analysis. One was the line of DC court cases that says if you act, it's And I think under that line of cases, my colleague's best argument is it would have at best been a facts and circumstances analysis because that line of cases has not yet been applied to the attorney licensing context. Again, that's a facts and circumstances analysis that should go back to the district court. The third damages issue, Your Honour, is whether damages were applied at all. And I think the court found that Mr. Naffa's services as an But when you offset the value of the services he provided and the payments that were made by the ministry, it was probably under $75,000 if you also throw on and layer on a statute of limitation. But everything you're arguing now goes to 12B6 issues. It does not go to jurisdiction. That's exactly right, Your Honour. I think the jurisdictional analysis is actually quite simple. I think the court, and I don't actually think there's a real dispute about it, I think on the face of the complaint, the law is clear. You take the good faith allegations of the complaint on the amount of controversy, $635,000, eight times the amount of controversy requirement, no dispute on diversity of citizenship. Your Honour, Judge Niemeyer, I think a key question though for this court is do you have to reach the breach of contract issue? Because, well see, I've never thought of that as a breach of contract. I'm from Maryland, and in Maryland, I think, for instance, in certain types of professional malpractice cases, there's a doctrine that if the contract's invalid, even the fees, even if the work entitled a person to fees, you have to return them because the contract's invalid. So it's sort of a disgorgement and not a damage. If this contract between the lawyer and the equate was invalid, I don't know if it was, but if it's invalid under D.C. law, then it may be all the fees collected have to be returned. And that may not be a damage. It's sort of a disgorgement or unjust enrichment or whatever the theory is. So I didn't want to, from my point of view, I'm not sure it's clearly a breach of contract issue as much as it is that D.C. law. There's a whole line of cases that the district court recognized too. And the theory, it's not fully set out. So if it were sent back, that would be something that you and the court, the other side, would have to sort out, I suppose. Yeah, Your Honour, so I've litigated that very issue in Maryland, and I'm quite familiar with it. I think the legal principle is analogous, and it's essentially the same principle. I do want to be fair to my adversary's argument. What they're going to tell you is you don't get to that point because the contracts on their face did not require Mr. Naffa to be a lawyer. So there's no allegation on our side, this is their argument, there's no allegation on our side that there was a contract that was breached. And the district court did make that finding. The court did find that the contract on its face was impossible, it was impossible to construe the contract to require Mr. Naffa to be a lawyer. Well, that's a 12B6 issue, right? It is a 12B6 issue. Well, why, if you agree, the court didn't have, the district court didn't have any power to act on that, at least according to the district court's own view of the case. It was basically gratuitous and maybe factual. So, Your Honour, I agree, and I think the court can simply bypass that issue and remand. The only thing I would draw to Your Honour's attention is I think the district court has now told us what its ruling on that issue will be if the case is remanded. I'm not sure, but it's... I would ask Your Honour to consider that issue. I think our request would be that the court reach that issue and vacate that aspect of the decision as well. You obviously, you're not required to, you don't have to. And this can be a very simple open and shut remand on the finding of lack of jurisdiction. All right. Is that it? The only other thing I wanted to address, Your Honour, is there was a conversion claim that was dismissed for lack of supplemental jurisdiction, and I think our colleagues, again, ask Your Honours to reach that issue. Why would supplemental jurisdiction be implicated at all if you have diversity? Because the amount of controversy alleged on that claim was under the $75,000 limit. And I think, I just want to make the point, Your Honours, that even if the court were to dismiss the main claims, the breach of contract claims, on 12B6 grounds, it would then be discretionary whether to dismiss or not dismiss the remaining claim on substantive grounds or simply for lack of supplemental jurisdiction. The court has the authority under 28 U.S.C. 1367 to simply not reach the issue, which is what the court did. What was the alleged conversion? It was a conversion of money in connection with certain real estate transactions that Mr. Naffa conducted on behalf of the ministry in Virginia. All right. Now, what did the complaint allege as to the dollar amount of the conversions? The complaint alleged that there was $100,000 that was taken. It alleged that some portion of that money, perhaps all of that money, was at some point returned by Mr. Naffa. The money was taken and put in his own bank account. It was returned by him. And the ministry was, as a result, deprived of the use of those funds for an extended period of time. The amount of the conversion is the deprivation, as alleged in the complaint, is the deprivation of use of those funds for some period of time. Now, those facts have been pled differently and with more detail in a case that's been brought in the District of Columbia following the dismissal in this case. And I think there's additional information that suggests, in fact, it was considerably more money that was taken. But those were the facts that were before the District Court. Is the claim that you make, you call it breach of contract, but the claim of practice collecting fees from an unlicensed professional, is that in the state court pending now too? There is a claim pending in state court for practicing law without license, Your Honor. That's right. Your Honor, if you don't have any further questions, there was a question raised by the court for a request for supplemental briefing on the split judgment rule. I think both sides have addressed it and agree that this court does have appellate jurisdiction. I'd be happy to address any questions if the court has any, but otherwise I'm happy to leave it there. All right, thank you. Thank you, Your Honor. Ms. Miller? Good morning, Your Honors. Courtney Miller. So I would like to pick up on a piece of the conversation that you were having about subject matter jurisdiction. And I think my colleague, Mr. Benberger, agreed that we both agree that the District Court did have diversity jurisdiction over the contract claim. And so... So you do agree with that? Yes, we do agree. So basically, our understanding is that, you know, the way that the jurisdictional analysis proceeds is that you just kind of look, kind of do a high level facial scrutiny as to the controversy. And as long as the amount pleaded is not so plainly and substantial or entirely frivolous as to be manifestly outside federal jurisdiction, then a federal court has jurisdiction. So if we agree with both counsel that there is jurisdiction here and the District Court erred in that respect, why do we go any further? So at this point, you know, we have a 12 v. 6 ruling from the District Court on the breach of contract claim, right? So the court... Judge Niemeyer pointed out that it didn't have jurisdiction. What authority does it have to do anything else after that? So we're saying that the court did have jurisdiction. And so it would be like... Sort of like a Greek tragedy, if you know it. Precisely, yes. I mean, I think the, you know, the questions just got confused, I think, right, between... We argued 12 v. 6 below. Seems to me that there are several interesting questions here. That line of D.C. cases, whether if it's applicable, there are theories there where you shouldn't be throwing the case out. The court made damage computations on its own without any real basis for doing that. And basically, the 12 v. 6 is what the court said what? It's no damage? Is that the issue? So I agree that the court went beyond what it's supposed to do in a jurisdictional analysis by looking at the damages, by looking at the sturds of line of cases that you're wrong, Judge. And that may not be applicable, but it seems to me it stands out there and it's not unreasonable. It's a plausible theory at law. When a professional holds himself out to have license, if that's the factual point, and collects fees on that, a doctrine could very well exist that in that circumstance, he has to return the fees. And as opposed to having a damage theory, that would be sort of a disgorgement or unjust enrichment type of claim. But the court even recognized that possibility. And I don't quite know how it handled that. Did it ignore it or did it cite it? I think what the court did, and so I think that's part of the court's 12 v. 6 analysis. And then I think what the court found there is basically that the sturds of line of cases, this argument that the contract should be rescinded, is just not properly brought as a breach of contract claim. So that's why the court says like, but even if the court's of that characterization of D.C. law fails to save the plaintiff's claim, because the contract did not require that Mr. Napa hold a license to practice law. So in all of the cases that the ministry relies on for this line of argument. I understand that argument. And that may be a labeling issue. I mean, a breach of contract is we actually had a contract, it's breached, and there's damages. And this theory, practiced by an unlicensed professional, who collects fees, whether he has to return those fees. I don't know if that's a breach of contract or malpractice or breach of licensing arrangement or unjust enrichment or whatever it is. It seems to me the district court understood that that was a theory being advanced. And it sort of cabined the complaint into a breach of contract, but that's not a breach of contract. Isn't that really what you're... Well, that's the claim that the ministry brought was a breach of contract claim, right? So what our argument is, is that, and I think what the district court noticed, was that, you know, maybe the ministry could have brought a different type of claim under STRZA, but breach of contract just isn't it. Well, maybe at 12B6, if it went back down, if the district court were inclined to grant it, it might grant leave to amend. I mean, it granted leave to amend twice and then denied a third, or it granted leave to amend once and then denied a second leave to amend. I think the district court was just done with the... Well, I understand that too. Insufficient pleadings on both of its claims, right? And then it also had the whole ministry of health came in and voluntarily dismissed those claims. I think the district court was, you know, in the hearing, it's clear that the district court thought there was way too much paper in this case, that the ministry had had multiple attempts to sufficiently plead both of the claims that are still alive here, and then it just blatantly failed to do so. So I think the other piece of the STRZA argument is just that, you know, in order to actually get disgorgement, which we argued in our briefing, the ministry would have had to plead injury, and the district court found that the ministry just didn't fail, or just failed... I've never understood that injury was an element of that. I've always thought it was an improperly collected fee, and that it has to be returned. So, right, so in, you know, in Remsen, which is one of the DC cases, it says that to get disgorgement, rather than just to get contracts rescinded, to actually get your money back, you have to show actual injury, that the services were defective, or did that the plaintiff did not receive value... Well, that's something that can be argued, right? I mean, not if the ministry didn't plead it, right? If there is just a, this, all of this is about an insufficiency of the... Well, the facts they plead cover it, how they characterize it, maybe cabinet may be a problem, but I get back to the problem, is the district court was acting without authority at that point, without power. Well, the question is, should we be treating that as anything at this point? And, I mean, the pleading's messy, and, but I think the decision is a little messy, too. And the question is, how do we fix it? I mean, you both seem to agree, it's, we have a little bit of a flawed pleading situation, and the question is, how best to correct it, right? I do think that the question is, how to, how to most, potentially most easily correct it, your honor, right? And I think... So, it's fair to both parties, I mean, you, I understand that you're going to have the question, maybe they may quit in the federal court and stick with the state court when it goes back down, that might be the most happy outcome. I mean, that would be... Are you representing them in the state court, too? Yes, your honor. I mean, that would be the most happy outcome for the ministry, right? But it would not be the most happy outcome for, for my client. I mean, I think what this gets to is just what the district, the district court dismissed the whole case with prejudice, right? Well, that was an error, too, wasn't it? I think it was only error if under, if the district court actually lacked subject matter jurisdiction. Well, that's my point, that's what it concluded. Right, but what, what we've agreed on is that the district court did have diversity jurisdiction. I know, but the district court was acting on, it said, the bottom line, it was acting only on jurisdiction. And then it said, with prejudice, and it seemed to me, if its ruling was a jurisdictional one, then it should allow the parties to go to a place where there is jurisdiction and it'd be without prejudice. I think in the normal run of cases that might be true, but when the plaintiff has had multiple opportunities to plead both of its claims and it just hasn't... But then it's not addressing just jurisdiction. Now it's going beyond it. It's acting as, it's acting with federal power to do something else, and it doesn't have that power. But it, we think that it does have that power, it did have that power, and it just erred in thinking that it didn't have that power. So... I understand that argument. But we think this also applies to the conversion claim, and this is where it might be a simpler, this kind of affirmance that we're asking for. Affirming the judgment of dismissal with prejudice under 12b6 might be simpler to see. Under the conversion claim... The district court's actual decision was it didn't have jurisdiction as to any of these claims. Isn't that right? Correct. Okay. But if you, I think that the district court was just doing the kind of facial scrutiny analysis for jurisdiction incorrectly. It thought it was doing the right thing, but its analysis went beyond just the facial scrutiny that it should have applied. And if it applied that same facial scrutiny to the conversion claim, there actually is independent diversity jurisdiction over that claim. I think Judge Agee asked a question about what was actually pleaded on that claim, the amount of damages, and the amount of damages that were pleaded was $100,000 plus interest on an additional $50,000. But in JTA, so that's clearly, you know, over the $75,000 threshold. In a case called JTH Tax, which the ministry relies on a good bit in its opening brief, this court said events occurring subsequent to the filing of the complaint that reduce the amount recoverable do not oust jurisdiction. And so in that case, the plaintiff had pleaded $80,000 and then in a subsequent motion reduced it to $60,000 in damages. And this court said, we just look at the pleadings, you know, the court did have jurisdiction. And just because the court does have jurisdiction, just because the damages are now lower, it doesn't mean that the jurisdiction is ousted. But that's exactly what happened here with the conversion claim, because only on the ministry's sole reply to our motion to dismiss is when it reduced the amount and said, Mr. Napper returned the $100,000. And so we only have, we would only get interest on that. So we think that the, that the court did have diversity jurisdiction over the conversion claim too. And so it's actually, the analysis that we're asking for from this court is actually simpler, which is just, we have a, you know, we, this court dismissed with prejudice. This court reviews judgments, not opinions. That's a quote from Crosby. And so we're just asking to affirm under 12B6 because A, on the breach of contract claim, we already know what the district court thinks there. There simply wasn't a breach and plaintiff failed to plead one. And then on the conversion claim, what we are asking, what we would like this court to do is just recognize it for what it was as completely insufficient pleadings when the plaintiff had multiple chances to sufficiently plead its claim. So yes, the ministry has repleted its claim with more detail in DC, but when they had three chances to do so at the district court, they chose their forum. That forum was valid. We've, we all filed a lot of papers in, in that, in, at the district court on the motion to dismiss. We've now come to an appeal and we just think that the plaintiffs don't get to, to then decide what, to decide, oh, whoops, we didn't plead our claim sufficiently. We had plenty of opportunity to do so in the forum that we chose. And so now we get to go choose a different forum and do it better. We have cases from time to time where the pleading is inartful and at some point the district court gets exasperated and dismisses the case without leave to amend for the third time or whatever. But in those cases, we're entitled to the court's frustration and whether it's reasonable and justified. In this case, while you're arguing that some of that exists here, the end result though was the court concluding, throwing up its hands basically and say, I just don't have power. The federal court doesn't have the power. And so you want us now to resurrect all that prior stuff and make some determinations. I think the factual circumstances are sufficiently complex to question how damages ought to be computed and whether there are damages. It's a little strange that we have some wrongdoing, alleged wrongdoing, and money's paid and there might not be any damage. And maybe there might not be. The argument is if a guy's not a licensed surgeon and yet he fairly does surgery, there's no damage. That's a strange theory, but maybe there isn't. But it seems to me that's more complex than letting us plow through the complaint and figure out what the allegations mean and what theory is being applied. It's just a little, normally, we do review De Novo 12B6 motions, but it seems to me in a circumstance like this, both sides might be more satisfied if the court gave it a direct look with the power to do so. I mean, I understand that, I mean, I think where the rubber hits the road on the contract claim and the licensure piece, that has nothing to do with the conversion claim. But on the contract claim, we know what the district court thinks. It says there was no breach. The plaintiff can't point to any term in the contract that says NAFTA needed to be an attorney. But there's all other kinds of possibilities. He goes back down, let's hypothetically, goes back down and he files a motion to amend and you say he's had enough chances, district court could say I agree he's had enough chances and throw it out. Or he can grant the amendment or he can dismiss without prejudice with permission, I suppose, in favor of the state proceeding. I mean, there's quite a few avenues that can happen and it seems to me an appellate court would be acting with a pretty heavy hand if we were to, I understand your argument because the court did make some indications on the 12b-6. I'm not sure it did the thorough job that you're saying. I mean, I don't know that it needs to do any more. I mean, if one of the elements is not sufficiently pleaded, then the plaintiff's claim is done, right? And it said that definitely breach was not pleaded and definitely damages were not sufficiently pleaded. So this court can affirm under either one of those options and I just don't think it makes... I don't know about the damages issue. We looked through that complaint for purposes of diversity jurisdiction and it looks like they allege a lot of damages. The question is what's their theory and at that point you're now going beyond the complaint and the notion. It just has to be fairly superficial, I think, at this stage, doesn't it? It does have to be fairly superficial for the 12b-1 analysis, but what we're saying is the court was wrong about that and so since it went ahead and did a 12b-6 analysis, then there's no reason for this court to remand and have the district court do it again, is our point on the contract claim. On the conversion claim, we just think that the ministry shouldn't get yet another chance to replete its case to litigate this in a different forum when it had sufficient chances. It had three bites of the apple to plead its conversion claim sufficiently in the forum that it chose at the Eastern District. It just shows that Kuwait, hiring Kuwaiti lawyers trained under Kuwait, aren't familiar with our American pleading and they're learning about it. He's an American lawyer. I'm sorry, that was a bad joke. I see. I mean, I just want to point to, just to reiterate the kind of breach of contract issue here. You know, the facts that the ministry pleaded just don't go to a breach of contract claim, right? I think what actually happened is they pleaded a fraud in the inducement claim and then they withdrew it because it was plainly time barred. It's a two-year statute of limitations and even with the tolling argument, they were out of time and so what's going on here is they're trying to show... It's a tolling argument, but nobody ever raised the discovery argument. Every statute of limitations that I know has a discovery element when you first reasonably discover that you have a cause of action, which is not a tolling issue. Right. In our assessment of the statute of limitations issue, we thought Virginia law did not recognize the discovery rule, but in any case, the court doesn't need to reach the statute of limitations issue. I'm just saying that what's going on with the ministry's contract claim is that it's just trying to shoehorn a fraud in the inducement claim that's clearly time barred into a contract claim to get a five-year statute of limitations instead of a two-year statute of limitations. So, and I think that the court, you know, I think this court, neither this court nor the district court needs to reach this whole sturds of line of cases because this is just not a proper... Breach of contract is not a proper vehicle for that and the ministry didn't plead disgorgement and or any injury that would allow disgorgement. As just pleaded, we get all the money back even though we can't point to anything that Mr. Naffa did wrong or that harmed us in any way. I mean, there's this kind of underlying current in the ministry's argument that Mr. Naffa was some kind of like random Joe who just raised his hand and said, I can do these things, but... It's hard to defend what he did, I can tell you. I mean, the allegations that he didn't held himself out as a lawyer and our law firm and our partners and this type of thing, it was, it's, it's, it's egregious in my judgment. So, I wouldn't try to defend that aspect. I mean, I hear you, your honor. I just think that what, what is actually going on is that Mr. Naffa was, was permitted, was authorized to provide these services and he was qualified to provide these services. Well, they were legal services and he held them out to be legal services multiple times and in order to hold yourself out and provide legal services, you usually have to be a member of the bar and most states have criminal statutes that say unauthorized practice of laws is a crime. Well, your honor, we have a decision from the UPL committee in DC that says that Mr. Naffa was authorized to provide these services without... That is, you know, that's palpably wrong. That was based on the fact that he was an in-house counsel and he was not in-house counsel and we don't have any of what was provided to the bar. That was a unilateral decision. It was not a due process to adjudication and I think it's, I think it borders on the frivolous to advance that myself. That, that holding obviously was made on misinformation and the misinformation was that somehow he was internal to COIT and was in-house counsel. Right, because that's what he was operating as in-house counsel as the UPL committee found. I mean, the UPL committee had the same... Well, it depends what he told them. He asked for an opinion. It depends what he sent and told them and he wasn't very good at telling the accurate things because he represented that he had a law firm, that he had partners, that they provide legal services and they have a broad range of legal services that they provide, a lot of which wouldn't even affect COIT, domestic relations and other types of relationships. The whole notion that somehow he talked the bar into saying he was in-house counsel... The UPL committee had every, had all the contracts and proposals and all of the same information that the ministry... We don't know that, do we? The other side didn't get to participate. This was not a due process, a binary hearing. It was a unilateral opinion, right? I mean, the, the other side is, is the side that initially filed a complaint with the DCU, with the UPL committee and if you look at the decision, you know, the citations show the precise documents that the UPL committee was filing and the documents that are on the record here. If the court does not have any more questions, I'm out of time. Okay, thank you very much. All right, do we have any rebuttal? No, no, I'll be very brief. I think that we're all around the table here in agreement that the district court's decision needs to be vacated and remanded. The question is simply what happens. Why can't you get your act together? It seemed to me that you've had a lot of shots here and I think the complaint made from the other side has some legitimacy. You know, it's a, you've got all these sliding theories. You have, you have a document that I think favors you a lot, but then following that you really haven't gotten, gotten yourself in the chair or in the pew that you want to be. Yeah, I wouldn't fight you too hard on that, your honor. I wasn't a lawyer before the district court. I appreciate that the pleadings may have, we may have been able to make the pleadings more clear, but I think when my colleague says this isn't a breach of contract case, it is. There are contracts, your honor, has reviewed them now for law, legal services. The question is how did they breach it? In other words, they provided the services they agreed to, at least nominally, and, and if you want, we don't need to argue this, but I'm going to tell you, you can go think that one through. I'll give you at least two examples off the top of my head, your honor. One is the complaint alleges that Mr. Naffa co-mingled client funds with his personal funds and the return. Oh, that's a different issue. That's a different issue. That's, and I don't think that's a breach of contract. I don't know what it is, but the, that may be co-mingling, may be conversion, it may, and it's a violation of ethics and all kinds of other things, but we don't need to debate the theories of the case, but I'm just suggesting to you that the, before you take another step, you ought to lawyer it well. I, I understand and take the court's admonition in that regard. I do think it goes to damages, right? The question is whether Mr. Naffa, the question of breach is, did Mr. Naffa deliver the legal, the quote unquote legal services that he contracted to provide? We say those required that he provide a lawyer to provide those services, and there was a breach that appears on the, on the face of the documents and on the face of the complaint. My colleagues argue, well, but there was no harm from that breach, and what I'm trying to say is when, unlike a number of other things that you could contract somebody to do when you hire a lawyer that comes with certain things, including ethical rules on co-mingling of funds, the fact that a lawyer's communication... Oh, you're going to need some cases for all of that, but I, you don't need to argue that now. I, I understand your honor. I think what the, and as to the UPL committee, I think your honor understands the issue. The contracts were before the UPL committee. I agree with my colleague on that, but after the complaint was filed by Kuwait, there was no further contact with Kuwait. Kuwait didn't have the opportunity to weigh in. We didn't hear what Mr. Naffa said in response to the documents that were provided, and I also think if you look at the UPL committee's decision, it is very heavily influenced by the fact that was a foreign mission of a foreign sovereign. It refers repeatedly to the Vienna Convention on Consular Relations, and I think there was a hesitancy by the DC bar to want to get in the middle of a dispute about who a foreign mission can hire and under what circumstances. That's a different question than whether the ministry in fact contracted for a lawyer and in fact received those services. My colleagues are essentially asking the court to conduct a hypothetical analysis, which is to say assume the court had jurisdiction, which we agree. How would it have ruled on a Rule 12b6 motion? I think that's improper. It also doesn't resolve the issue insofar as the damages analysis is concerned, because the court didn't hold that there were no damages. It just held that the damages weren't plugged to the jurisdictional threshold. I think it's probably a closer call on the contract question, your honor, because I think what we're both recognizing is that if the case goes back to the district court, you're likely to get an argument from the other side that there's law of the case attached to the decision with respect to whether there was contract and breach, and the district court is likely to adhere to its decision in that regard. And if it does, we'll be back here before your honor arguing the contract question that we're not arguing today or that we're kind of arguing in the hypothetical today. And so I do agree with my colleague that there is an efficiency rationale for the court looking at that contract question and whether, as the district court held, it's impossible to construe the contracts as required. Completing history already has indicated a lot of inefficiency, but I appreciate that, your honor. All right. I think I probably said what I came to say, so I'll leave it there unless your honor has any more questions. Thank you. We'll come down great counsel. Take a short recess. Is that all right? Yes.
judges: Paul V. Niemeyer, Roger L. Gregory, G. Steven Agee